UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OIL STATES INTERNATIONAL, INC.                    CIVIL ACTION

VERSUS                                                        NO. 22-2437

SCOTT P. RICHARD                                    SECTION "R" (1)

## ORDER AND REASONS

Before the Court is plaintiff Oil States International, Inc.'s ("Oil States") unopposed motion for entry of a default judgment against defendant Scott P. Richard.[1] For the following reasons, the Court grants the motion.

## I.    BACKGROUND

This case arises out of an alleged fraud perpetrated by Richard on his previous employer, Oil States.[2] Richard worked for Oil States from March 22, 2004 until September 7, 2021.[3] In the course of his employment, he received a company-issued purchasing card ("P-Card").[4] The P-Card was to be used only for allowable business expenses and not for personal

---

[1]    R. Doc. 9.
[2]    *See generally* R. Doc. 1.
[3]    *Id.* ¶ 5.
[4]    *Id.* ¶¶ 9-10.

purchases.[5]  In order to receive the P-Card, Richard signed an agreement acknowledging as much and also stating that "should I willfully violate the terms of this Agreement and use the P-Card for personal use or gain, I will reimburse [Oil States] for all incurred charges and any fees related to the collection of those charges."[6]  In September of 2021, Oil States began an investigation into Richard's misuse of the P-Card, which revealed that Richard had misappropriated approximately $528,751.26 by: (1) making improper payments to himself with his P-Card by way of false invoices, (2) buying personal items with his P-Card and disguising those purchases as legitimate work-related transactions, and (3) privately selling six of Oil States' decommissioned laptops without permission.[7]  As a result of Richard's actions, Oil States terminated his employment on September 27, 2021 for "gross misconduct and theft."[8]

Plaintiff moved for an entry of default on August 30, 2022,[9] which was granted on September 6, 2022.[10]  Now plaintiff moves for a default judgment

---

[5]    *Id.*
[6]    *Id.*; *see also* R. Doc. 9-3 at 8-10.
[7]    R. Doc. 1  ¶¶ 12-13.
[8]    *Id.* ¶14.
[9]    R. Doc. 7.
[10]   R. Doc. 8.

against Richard on its contract, fraud, and conversion claims.[11]  Richard does not oppose plaintiff's motion.


## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b), a default judgment may be entered against a party when it fails to plead or otherwise respond to a complaint within the required time period.  Fed. R. Civ. P. 55(b).  A plaintiff who seeks a default judgment against an unresponsive defendant must proceed through two steps.  First, the plaintiff must petition the court for the entry of default, which is simply "a notation of the party's default on the clerk's record of the case."  *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986).  Before the clerk may enter the default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend."  Fed. R. Civ. P. 55(a).

After the defendant's default has been entered, the plaintiff may move for a default judgment.  *Meyer v. Bayles*, 559 F. App'x 312, 313 (5th Cir. 2014) (per curiam).  In determining whether the entry of a default judgment is procedurally  appropriate, courts consider the following factors: (1) whether there are material facts at issue; (2) whether there would be substantial

---

[11]      R. Doc. 9.

prejudice; (3) whether the grounds for the default have been clearly established; (4) whether the default was caused by excusable neglect or a good faith mistake; (5) the harshness of the default judgment; and (6) whether the court would think itself obliged to set aside the default judgment on a motion from defendant. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Additionally, courts must consider the substantive merits of the plaintiff's claim to determine if there is a sufficient basis for the default judgment. *Nishimatsu Const. Co., Ltd. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In making this assessment, plaintiff's well-pleaded factual allegations are deemed admitted. *See Campbell Harrison & Dagley, L.L.P. v. PBL Multi-Strategy Fund, L.P.*, 744 F. App'x 192, 203 (5th Cir. 2018) (holding that when a party fails to file an answer, "the allegations in the complaint (or counterclaim) are deemed admitted."); *see also* Fed. R. Civ. P. 8(b)(6) (factual allegations in a complaint that are not denied are deemed admitted). But the Court does not hold the defaulting defendant to have "admit[ed] facts that are not well-pleaded or . . . conclusions of law." *Nishimatsu*, 515 F.2d at 1206. Accordingly, a default judgment should not be entered unless the judgment is "supported by well-pleaded allegations and . . . ha[s] a sufficient basis in the pleadings." *Wooten v. McDonald*

4

*Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (internal quotations omitted) (citing *Nishimatsu*, 515 F.2d at 1206).

If the plaintiff's claim is for a sum certain and the defendant has not made an appearance in court, the clerk may enter a default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). No party is entitled to a default judgment as a matter of right. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). The disposition of a motion for the entry of default judgment rests within the sound discretion of the district court. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977).

## III.   DISCUSSION

### A.   Jurisdiction

Before entering a default judgment, a court must "look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (internal quotations omitted) (quoting *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986). Here, subject-matter jurisdiction is premised on diversity of citizenship. *See* 28 U.S.C. § 1332. In plaintiff's complaint, it alleges that it is a Delaware corporation with its principal place

of business located in Houston, Texas.[12]  Defendant is a citizen of Louisiana.[13]
Further, the amount-in-controversy exceeds $75,000.[14]  Lastly, service of
process was effectuated on defendant on August 5, 2022.[15]   The Court
therefore finds that it has jurisdiction to enter this default judgment.

### B.    Entry of Default Judgment

The Court finds that default judgment against Richard is warranted.
The record establishes that Richard was properly served but did not timely
"plead or otherwise defend" himself in this case.  Fed. R. Civ. P. 55(a).
Richard was served with a summons that stated that he was required to file
an answer or motion within 21 days after August 5, 2022, and that his failure
to do so would result in a default judgment.[16]  To date, defendant has failed
to file a motion or answer, and has not otherwise responded to plaintiff's
motions for a default judgment.  Although judgments by default are generally
disfavored, Richard's wholesale failure to defend this action has made it
impossible to achieve a "just, speedy, and inexpensive disposition" of this
case on the merits.  *Sun Bank of Ocala v. Pelican Homestead & Savings*

---

[12]     R. Doc. 1 ¶ 1.
[13]     *Id.* ¶ 2.
[14]     *Id.* ¶ 3.
[15]     R. Doc. 6.
[16]     *Id.*

*Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Further, the record does not reveal any excuse for defendant's failure to defend. *Lindsey*, 161 F.3d at 893. Moreover, defendant's failure to answer plaintiff's complaint for over four months outweighs any harshness of a default judgment.

As noted above, after entry of default, plaintiff's well-pleaded factual allegations are deemed admitted. *See Campbell Harrison & Dagley, L.L.P.*, 744 F. App'x at 203. The Court finds that the requirements for a default judgment have been met, and that there is sufficient basis in the pleadings to enter default judgment against Richards. Each of plaintiff's claims is analyzed below.

### 1.  *Breach of Contract*

"The essential elements of a breach of contract claim are the existence of a contract, the party's breach thereof, and resulting damages." *1100 S. Jefferson Davis Parkway v. Williams*, 165 So. 3d 1211, 1216 (La. App. 4 Cir. 2015), *writ denied*, 178 So. 3d 1005 (La. 2015) (citing *Favrot v. Favrot*, 68 So.3d 1099 (La. App. 4 Cir. 2011)). Plaintiff is entitled to a default judgment because all three elements are met here. A contract existed between Oil States and Richard—that is, the P-Card agreement.[17] Further, Richard

---

[17]   R. Doc. 1 ¶ 10.

breached that contract by using the P-Card for unauthorized and improper transactions.[18]  Lastly, Oil States suffered monetary damages  in the amount of the charges on the P-Card as a result of Richard's breach.  Accordingly, the Court finds Richard liable to Oil States for breach of contract.

### 2.   Fraud

A plaintiff must prove three elements to establish liability for delictual fraud under article 2315: (1) a misrepresentation of material fact by defendant, (2) made with the intent to deceive, (3) causing justifiable reliance with resultant injury to plaintiff.  *Becnel v. Grodner*, 982 So. 2d 891, 894 (La. App. 4 Cir. 2008) (citing *Newport Ltd. v. Sears Roebuck & Co.*, 6 F.3d 1058, 1068 (5th Cir. 1993)); *see also Renton Properties, L.L.C. v. 213 Upland, L.L.C.*, 304 So. 3d 1083, 1093 (La. App. 5 Cir. 2020), *writ denied*, 309 So. 3d 345 (La. 2021) (holding likewise); *Murungi v. Texas Guaranteed*, 693 F. Supp. 2d 597, 604 (E.D. La. 2010), *aff'd*, 402 F. App'x 849 (5th Cir. 2010) (same). Oil States is entitled to a default judgment on this claim as well because it has established all three elements.  First, Richard misrepresented material facts by fabricating the false invoices.[19]  Further, the submission of

---

[18]     *Id*. ¶¶ 12-13, 17-19.

[19]     *Id*. ¶¶ 12-13, 20-22.

the false invoices to Oil States, offered for the purpose of concealing that Richard was remitting payments to himself, evidences the requisite intent to deceive.  Lastly, Oil States relied on the misrepresentations in paying the invoice amounts to Richard, which resulted in monetary loss in the amount of the payments remitted.[20]  Accordingly, the Court finds Richard liable to Oil States on this claim as well.

### 3.    *Conversion*

"Conversion is defined as an act in derogation of the plaintiff's possessory rights or any wrongful exercise or assumption of authority over another's goods, depriving him of the possession, permanently, or for an indefinite time." *Chrysler Credit Corp. v. Whitney Nat. Bank*, 51 F.3d 553, 557 (5th Cir. 1995) (citing *Chrysler Credit Corp. v. Perry Chrysler Plymouth*, 783 F.2d 480, 484 (5th Cir. 1986)).  To prevail on a conversion claim under Louisiana law, a plaintiff must prove that: (1) it owned or had the right to possess movable property that was misused by defendant, (2) the misuse was inconsistent with plaintiff's rights of ownership, and (3) the misuse constituted a wrongful taking of the property.  *Perry Chrysler Plymouth*, 783 F.2d at 484 (5th Cir. 1986).  Oil States has done so here.  First, plaintiff owned

---

[20]      *Id.*

the misappropriated funds and laptops.  Additionally, Richard's use of company funds for personal purchases as well as the unauthorized sale of the laptops was inconsistent with plaintiff's ownership rights of said property. Finally, Richard's actions constituted an improper taking because the unauthorized use of the P-Card and the sale of the laptops were done without, and indeed *against*, plaintiff's consent.  Accordingly, plaintiff is likewise entitled to a default judgment on its conversion claim.

### C.    Relief Requested

Plaintiff asserts that it is entitled to a default judgment against Richard in the amount of $528,751.26.[21]  Plaintiff represents that upon entry of a default judgment, it will also submit an appropriate motion to the Court for recovery of attorneys' fees and costs.[22]

In deciding to grant a default judgment, it is the Court's duty "to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."  *Pope v. United States*, 323 U.S. 1, 12 (1944).  A plaintiff is not entitled to have its allegations regarding damages accepted as true.  *See United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir.

---

[21]    R. Doc. 9-2 at 7.

[22]    *Id.*

1987) ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages."). In the default-judgment context, the Fifth Circuit has stated that "unliquidated damages normally are not awarded without an evidentiary hearing," but this rule "is subject to an exception where the amount claimed is a liquidated sum or one capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A sum is "capable of mathematical calculation" if it can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* at 311 (internal citation omitted). The court is given "wide latitude" to determine whether an evidentiary hearing is necessary in a particular case. *Id.* at 310 (citing Fed. R. Civ. P. 55(b)(2)).

In support of its request for damages, Oil States has provided the Court with the P-Card agreement,[23] a declaration by Robb Harper—an Oil States employee—attesting to the amount misappropriated by Richard and the value of converted property,[24] and exhibits attached to Harper's declaration that summarize the fraudulent and improper transactions.[25] After reviewing the relevant materials, the Court finds that the amount owed by Richard is capable of mathematical calculation. *See James*, 6 F.3d at 311 (upholding

---

[23]    R. Doc. 9-3 at 8-10.
[24]    *Id.* at 1-7.
[25]    R. Doc. 9-3 at 11-49.

the court's award of damages without an evidentiary hearing when the terms of the promissory note and the pleadings "render[ed] an evidentiary hearing unnecessary"); *see also In re The Home Rests., Inc.*, 285 F.3d 111, 114 (1st Cir. 2002) (finding that a hearing was not required before ordering a default judgment when the pleadings "contained specific dollar figures" that were supported by affidavits). Accordingly, a default judgment awarding damages in the amount of $528,751.26 is warranted. Interest will accrue on the judgment at the rate determined under 28 U.S.C. § 1961(a) until the judgment is paid in full.

## IV.   CONCLUSION

For the foregoing reasons, plaintiff's motion for default judgment is GRANTED. Judgment will be entered in favor of Oil States in the amount stated in this order.

New Orleans, Louisiana, this   27th   day of December, 2022.

SARAH S. VANCE
UNITED STATES DISTRICT JUDGE