UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| OIL STATES INTERNATIONAL, INC. | * | CIVIL ACTION NO. 22-2437 |
| | * | |
| VERSUS | * | SECTION: "R"(1) |
| | * | |
| SCOTT P. RICHARD | * | JUDGE SARAH S. VANCE |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ********************************* | * | |

REPORT AND RECOMMENDATIONS

Before the Court is Plaintiff's Motion to Fix Attorney's Fees and Costs (Rec. Doc. 13), which has been referred to the undersigned by the District Court for a Report and Recommendations. (Rec. Doc. 27). For the following reasons, it is RECOMMENDED that the Motion be GRANTED and that the Court award plaintiff its reasonable attorneys' fees and costs in the amount of $17,107.

Background

This lawsuit arises out of a former employee's unauthorized use of a company-issued purchasing card for personal, instead of business, expenses. Oil States International, Inc., instituted this action against Scott P. Richard on August 1, 2022, seeking damages estimated to be at least $500,000, plus attorneys' fees. Mr. Richard was served but failed to make an appearance. Default was entered on September 6, 2022, and on December 27, 2022, the District Court granted Oil States' unopposed Motion for Default Judgment. The Court found Mr. Richard had breached the Purchase Card Cardholder Guidelines, Procedures, and Agreement (the "P-Card Agreement") by using the P-Card for unauthorized and improper transactions. The Court also found Mr. Richard liable for fraud and conversion. The Court found that damages in the amount of $528,751.26 were warranted. The Court noted that Oil States represented that it would file a motion for recovery of

1

attorneys' fees and costs upon entry of a default judgment. Judgment was entered on January 6, 2023, ordering that Mr. Richard "is required to pay $528,751.26 in damages to Oil States in addition to any fees and costs that plaintiff is entitled to, which shall later be determined by this Court upon proper motion by plaintiff." (Rec. Doc. 12).

Oil States filed the present Motion to Fix Attorney's Fees and Costs on March 2, 2023. Meanwhile, Mr. Richard appeared through counsel on April 11, 2023, and filed a Motion for Relief from Judgment, arguing that Oil States' claims were time-barred. The District Court denied his motion on June 12, 2023. Mr. Richard has not filed an opposition to the Motion to Fix Attorney's Fees. Accordingly, the Motion is deemed to be unopposed.

Law and Analysis

1. *Entitlement to Attorneys' Fees and Costs*

Oil States appears to contend that the District Court has already found it entitled to attorneys' fees and that the only issue left is the calculation of those fees.[1] Indeed, in its Complaint and in its Motion for Default Judgment, Oil States argued that it was entitled to attorneys' fees because Mr. Richard agreed in signing the P-Card Agreement that "should [he] willfully violate the terms of this Agreement and use the P-Card for personal use or gain, [he] will reimburse [Oil States] for all incurred charges and any fees related to the collection of those charges." (Rec. Doc. 9-3, at 10). In granting Oil States' Motion for Default Judgment, the District Court impliedly granted its request for attorneys' fees.

However, the District Court did not explicitly find that Oil States is entitled to its attorneys' fees. To the extent that the implicit holding in the December 27, 2023, Order and Reasons and the January 6, 2023, Judgment, is insufficient, the undersigned recommends that the District Court

---

[1] As noted, Mr. Richard has not opposed the Motion.

find Oil States is entitled to its reasonable attorneys' fees and costs incurred in collecting the amounts Mr. Richard improperly charged to the P-Card. Pursuant to the P-Card Agreement between Mr. Richard and Oil States, Mr. Richard agreed that if he willfully violated the agreement and used the P-Card for personal use or gain, he would reimburse Oil States for not only the charges but also "any fees related to the collection" of them. The undersigned finds that this includes reasonable attorneys' fees and costs.

The District Court has found that Mr. Richard breached the P-Card Agreement by using the P-Card for unauthorized and improper transactions. (Rec. Doc. 11, at 8). Indeed, the uncontroverted evidence shows that Mr. Richard created fake invoices to make it appear he was using his P-Card to purchase IT-related goods and equipment for the company, but instead, resulted in payments to Mr. Richard's personal PayPal account. (Rec. Doc. 9-3, at 3). The evidence further shows that Mr. Richard purchased goods and equipment for his own personal use by using his P-Card. Id. at 4. The undersigned finds that the evidence demonstrates that Mr. Richard willfully violated the P-Card agreement by using the P-Card for personal use or gain. Pursuant to the P-Card agreement, he is liable for any fees related to the collection of the improper charges, including Oil States' reasonable attorneys' fees and costs.

2. *Calculation of Attorneys' Fees*

The Court engages in a two-step process to determine reasonable attorney's fees. Matter of Fender, 12 F.3d 480, 487 (5th Cir. 1994); see Chevron USA, Inc. v. Aker Mar. Inc., 689 F.3d 497, 505 (5th Cir. 2012) (holding that the factors employed by Louisiana courts are "very similar to those used in the federal 'lodestar'"). First, the Court computes the lodestar "by multiplying the number of hours reasonably expended by the prevailing hourly rate in the community for similar work." Id. The party requesting fees bears the burden of proving that the rates charged and hours

expended are reasonable. See Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984); Walker v. U.S. Dep't of Hous. & Urban Dev., 99 F.3d 761, 770 (5th Cir. 1996); Louisiana Power & Light Co. v. Kellstrom, 50 F.3d 319, 324 (5th Cir. 1995).

"The court then adjusts the lodestar upward or downward depending upon the respective weights of the twelve factors set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974)." Fender, 12 F.3d at 487. The Johnson factors are:

> 1) time and labor required, (2) novelty and difficulty of the issues, (3) skill required to perform the legal services properly, (4) preclusion of other employment, (5) customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by client or circumstances, (8) amount involved and results obtained, (9) experience, reputation and ability of the attorneys, (10) undesirability of the case, (11) nature and length of the professional relationship with the client, and (12) award in similar cases.

Id. Nonetheless, the lodestar calculation "is presumptively reasonable and should be modified only in exceptional cases. Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993).

Here, Oil States seeks recover its attorneys' fees incurred at a rate of $275 per hour for a lawyer that has been practicing for over nine years. Mr. Richard does not oppose the reasonableness of this rate. And this rate is within the range of rates that has been found reasonable in this district. See United States ex rel McNeil v. Jolly, 451 F. Supp. 3d 657, 675 (E.D. La. 2020) (awarding attorneys' fees at the requested rate of $450 per hour for an attorney with over 25 years of experience in False' Claims Act litigation but reducing the requested rate from $300 to $250 per hour for a 7-year attorney with 4 years of FCA experience); EnVen Energy Ventures, LLC v. Black Elk Energy Offshore Operations, LLC, No. CIV.A. 14-424, 2015 WL 3505099, at *2–3 (E.D. La. June 3, 2015) (finding reasonable the requested rates of $325 per hour for an attorney with 20 years of experience, $300 per hour for an attorney with 10 years of experience, and $275 per hour for an attorney with seven years of experience); Foley v. SAFG Ret. Servs., Inc., No.

4

CIV.A. 10-2827, 2012 WL 956499, at *2 (E.D. La. Mar. 20, 2012) (reducing requested attorney rate to $350 per hour for an attorney with over 30 years' experience and $275 per hour for an attorney with over eight years of experience). Accordingly, the Court finds the rate of $275 per hour appropriate in this case.

With regard to the hours spent performing legal work to collect the improper charges incurred by Mr. Richard, Oil States' counsel submits a chart describing the work performed and the time spent. The chart shows a total of 60 hours spent over the course of 15 months, including the investigation and analysis of the claim, the initial demand letter in October 2021, the preparation of the Complaint, the preparation of the Motion for Default Judgment and supporting exhibits, and drafting of the motion for attorneys' fees. The time entries are detailed. And Mr. Richard has not opposed the time spent as unreasonable. Having reviewed the time entries, the Court finds the 60 hours spent by Oil States' counsel was reasonable. At the rate of $275 per hour, the 60 hours of work yields a lodestar of $16,500.

The Court finds no exceptional factors such as those contemplated by Johnson warrant increasing or decreasing the lodestar amount. Accordingly, the Court finds an attorneys' fee award of $16,500 is appropriate here.

Oil States also seeks an award of $607 in expenses for the fees incurred to file the complaint and to serve the complaint. The Court finds these expenses are reasonable and that Mr. Richard should be found liable to pay $607 in expenses.

For the foregoing reasons,

IT IS RECOMMENDED that Oil States' Motion to Fix Attorney's Fees and Costs (Rec. Doc. 13) be granted and Mr. Richard be ordered to pay Oil States $17,107 for its reasonable attorneys' fees and costs.

<u>Objections</u>

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) calendar days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 6th day of July, 2023.

                                                  Janis van Meerveld
                                      United States Magistrate Judge